# United States Court of Appeals
## For the First Circuit

No. 11-2167

JOSE ARTURO PERLERA-SOLA,

Petitioner,

v.

ERIC H. HOLDER,JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Boudin, Circuit Judge,
and McConnell, Jr.,* District Judge.

Robert M. Warren was on brief for the petitioner.
Lindsay M. Murphy, Office of Immigration Litigation, Civil
Division, Department of Justice, with whom Stuart F. Delery, Acting
Assistant Attorney General, Civil Division, and Song Park, Senior
Litigation Counsel, Office of Immigration Litigation, were on brief
for respondent.

November 9, 2012

_____

*Of the District of Rhode Island, sitting by designation.

**McCONNELL, District Judge.** Petitioner Jose Perlera-Sola ("Mr. Perlera" or "petitioner"), is a native of El Salvador. He seeks judicial review of a final order of removal issued by the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and protection under Article III of the United Nations Convention Against Torture ("CAT"). After careful consideration, we deny the petition for review.

## I. Background

Petitioner is a native of El Salvador who entered the United States without inspection on December 19, 2007 at the age of seventeen. The Court will first consider the events that transpired prior to petitioner's entry into the United States.

Mr. Perlera's family owned a pig farm in El Salvador from 1998 until 2007.[1] On July 8, 2006, Mr. Perlera's father, Francisco Perlera-Sola was driving to Santa Tecla to purchase feed for the farm animals when he was stopped in the middle of a road by unknown assailants, who shot him three times. The bullets pierced him in his left arm, upper back, and hip. Mr. Perlera's father spent several months in the hospital recovering from the shooting.

During the year following the shooting, the petitioner witnessed unknown vehicles drive by his home and received phone calls threatening the lives of his family if they remained in the

---

[1] These events are derived from petitioner's testimony before the Immigration Judge ("IJ").

area. Ultimately, Mr. Perlera and his family decided to leave El Salvador in December of 2007 because they felt it was too dangerous to remain. Mr. Perlera also testified that friends currently living on his family's farm in El Salvador have informed him that suspicious vehicles continue to drive by the farm.

Shortly after Mr. Perlera entered the United States without inspection, the Department of Homeland Security ("DHS") served him with a Notice to Appear ("NTA") and placed him into removal proceedings before the Boston Immigration Court on January 3, 2008. Mr. Perlera was charged with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled. Mr. Perlera conceded his removability and applied for asylum, withholding of removal, and CAT protection.

At the IJ hearing on October 30, 2009, Mr. Perlera was represented by counsel and testified in support of his statements. At his hearing, Mr. Perlera contended he was eligible for political asylum and withholding of removal pursuant to 8 U.S.C. § 1101(a)(42)(A) because he had established past persecution and a well-founded fear of future persecution based on his membership in a particular social group - his family. Mr. Perlera argues that his family's perceived wealth was the reason for the attack on his father and the ensuing drive-bys and continuous telephonic threats. Mr. Perlera argues that his family could not remain in El Salvador

because there was a clear threat of imminent danger. Moreover, he asserted that the Salvadorian government failed to investigate the crime or protect the family in any capacity.

After considering Mr. Perlera's arguments, the IJ denied Mr. Perlera's application and ordered his removal. The IJ concluded that while Mr. Perlera's testimony was credible, the facts did not support his asylum application or other claims for relief. He failed to establish past persecution or a well-founded fear of future persecution. The IJ concluded there appeared to have been an attempt to rob the father by armed delinquents. The IJ found the death threats and demands that the father leave El Salvador were most probably because the father's assailants feared they would be prosecuted and did not want the father to identify them. Petitioner has not shown he was a refugee. Further, even if the IJ were to find that Mr. Perlera had suffered past persecution, he had not shown it was attributable to one of the five protected areas as a central reason (or any acquiescence by the El Salvador government). The BIA agreed, and noted the lack of evidence in support of his position, such as his failure to identify the assailants or their motives, failure to provide a copy of a police report based on the incident he reported to the police in El Salvador, and failure to provide any of his father's hospital records or affidavits from his friends in El Salvador alleging that

-4-

unknown vehicles routinely drive by his home. Therefore, the IJ and BIA concluded Mr. Perlera did not qualify for asylum.

On September 7, 2011, the BIA affirmed the IJ's decision, dismissing petitioner's appeal. Mr. Perlera timely filed a petition for review with this court.

## II. Discussion

We begin our consideration of Mr. Perlera's case with the applicable standard of review. When the BIA adopts and affirms the IJ's ruling but also examines some of the IJ's conclusions, this Court reviews both the BIA's and IJ's opinions. Matovu v. Holder, 577 F.3d 383, 386 (1st Cir. 2009). This Court will "apply the 'substantial evidence' standard and defer to those findings of fact that are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Lobo v. Holder, 684 F.3d 11, 16 (1st Cir. 2012) (quoting Nikijuluw v. Gonzales, 427 F.3d 115, 120 (1st Cir. 2005)); I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). "The BIA's legal conclusions are evaluated de novo, with deference given 'to the BIA's reasonable interpretations of statutes and regulations falling within its purview.'" Aponte v. Holder, 683 F.3d 6, 10 (1st Cir. 2012) (quoting Matos-Santana v. Holder, 660 F.3d 91, 93 (1st Cir. 2011)). "In the end, we may only set aside the agency's determination if the 'evidence points unerringly in the opposite direction.'" Lobo, 684 F.3d at 16 (quoting Laurent v. Ashcroft, 359 F.3d 59, 64 (1st Cir. 2004)).

The petitioner carries the burden to show that he is a refugee under the immigration laws. See 8 U.S.C. § 1158(b)(1)(B)(I); Nikijuluw, 427 F.3d at 120. In order to meet this burden, the petitioner must show that he is unable to go back to El Salvador due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Where a petitioner establishes past persecution, he "creates a rebuttable presumption that a well-founded fear of future persecution endures." Guerrero v. Holder, 667 F.3d 74, 77 (1st Cir. 2012); 8 C.F.R. § 1208.13(b)(1).

This Court has held that persecution "encompasses more than threats to life or freedom, but less than mere harassment or annoyance." Aguilar-Solis v. I.N.S., 168 F.3d 565, 570 (1st Cir. 1999) (internal citations omitted). The petitioner's experiences must "add up to more than mere discomfiture, unpleasantness, harassment, or unfair treatment." Nikijuluw, 427 F.3d at 120. Additionally, persecution "always implies some connection to government action or inaction." Harutyunyan v. Gonzales, 421 F.3d 64, 68 (1st Cir. 2005).

In discussing his asylum claim, we first consider whether Mr. Perlera has established a well founded fear of future persecution based on past persecution specifically targeting his family, one of five statutorily recognized categories. 8 U.S.C.

-6-

§ 1101(a)(42)(A); Gebremichael v. I.N.S., 10 F.3d 28, 36 (1st Cir. 1993). This "kinship" criterion, it should be stressed, applies only where the motivation for persecution is kinship and not because multiple family members happen to be persecuted for a common reason but the animus is not kinship. A confusion on this point appears to underlie respondent's claim. That the persecution must involve official action or a refusal to enforce the law is a separate problem which need not even be addressed in this case. The past and future threat of persecution on which Mr. Perlera relies is the attack on his father, the menacing drive-bys by unknown individuals, and threatening phone calls. This Court, however, has denied asylum to a petitioner claiming a fear of future persecution on account of previous attacks on their family where the petitioner failed to provide evidence that family members were targeted "on account of" their membership in the family. Ayala v. Holder, 683 F.3d 15, 17 (1st Cir. 2012).

Here, the IJ found that even if the "respondent experienced past persecution, the experiences of the respondent cannot be said to be attributable to one of the five protected areas as a central reason." We agree. Mr. Perlera did not provide evidence of the motivation for the alleged attacks and threats in order to support his claim of a well founded fear of future persecution. While Mr. Perlera is not "required to identify [his] antagonists with absolute certainty, [he] was required, in the

-7-

absence of a positive identification, to furnish some credible evidence of the motivation underlying the threats." Hincapie v. Gonzales, 494 F.3d 213, 219 (1st Cir. 2007). An absence of evidence showing that respondent's family was targeted on account of their membership in that family will "defeat[] [his] claim of past persecution on account of a legally protected ground." Ayala, 683 F.3d at 17.

And although this Court has held that "[c]redible testimony, standing alone, may be adequate to sustain the alien's burden of proof," Nikijuluw, 427 F.3d at 121, the testimony "must constitute credible and specific evidence of a reasonable fear of persecution." Afful v. Ashcroft, 380 F.3d 1, 3 (1st Cir. 2004). Here, while the IJ found that Mr. Perlera's testimony was credible, this Court requires that in order for testimony alone to be sufficient evidence of a reasonable fear of future persecution, it must be "credible *and* specific." Carcamo-Recinos v. Ashcroft, 389 F.3d 253, 257 (1st Cir. 2004). While Mr. Perlera's testimony was deemed credible, it was not specific, given Mr. Perlera's failure to identify any of the assailants and more importantly, their motives for attacking his father.

Regarding Mr. Perlera's legal theory that his past and future persecution was based also on his family's wealth, this Court has previously rejected this theory as providing a statutory basis for asylum. Escobar v. Holder, No. 11-2086, 2012 WL 5193223,

at *2-3 (1st Cir. Oct. 22, 2012); <u>Sicaju-Diaz</u> v. <u>Holder</u>, 663 F.3d 1, 4 (1st Cir. 2011) (rejecting the view that perceived persecution based on wealth was persecution based on membership in "a social class or group" within the meaning of the INA). Therefore, we find that Mr. Perlera has not provided sufficient evidence to establish a well founded fear of future persecution based on his family membership to support his asylum claim.

Because statutory withholding of removal under INA § 241 (b)(3), 8 U.S.C. § 1231 (b)(3), requires an even greater likelihood of future persecution than asylum, <u>Lobo</u>, 684 F.3d at 19-20, Mr. Perlera's request for statutory withholding of removal necessarily fails. The Court further finds that Mr. Perlera is not eligible for relief under the CAT, as he has set forth no evidence that there is any prospect that he will be "tortured" if he is returned to El Salvador. 8 C.F.R. § 208.16 (c)(2).

### III. Conclusion

For the reasons articulated above, we deny Mr. Perlera's petition for judicial review.