**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-2519**

———————

VICTOR ESCOBAR-ALMARAZ,

              Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  July 31, 2013         Decided:  August 23, 2013

———————

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Benjamin Mark Moss, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Escobar-Almaraz, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for withholding of removal and protection under the Convention Against Torture.

We have thoroughly reviewed the record, including the transcript of Escobar-Almaraz's merits hearing, his application for relief, and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2006), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Perlera-Sola v. Holder, 699 F.3d 572, 577 (1st Cir. 2012) (finding that although the immigration judge deemed alien's testimony to be credible, it was not specific enough to support asylum claim "given Mr. Perlera's failure to identify any of the assailants and more importantly, their motives for attacking"). We further uphold the Board's finding that Escobar-Almaraz's Convention Against Torture claim was too speculative to warrant relief. See In re J.F.F., 23 I. & N. Dec. 912, 917-18 (A.G. 2006) (stating that a petitioner may not establish a claim for CAT relief merely by stringing together a series of suppositions to show that it is more likely than not that torture will result

2

where the evidence does not establish that each step in the hypothetical chain of events is more likely than not to occur).

Accordingly, we deny the petition for review for the reasons stated by the Board. See In re: Escobar-Almaraz (B.I.A. Nov. 13, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED