# United States Court of Appeals
## For the First Circuit

No. 10-2373

JUNIOR OMAR MATOS-SANTANA,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Howard, Ripple[*] and Selya,
Circuit Judges.

Alexander Arandia and Arandia & Arandia on brief for petitioner.
Tony West, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Office of Immigration Litigation, and Sarah Maloney, Attorney, Office of Immigration Litigation, on brief for respondent.

November 2, 2011

[*]Of the Seventh Circuit, sitting by designation.

**SELYA**, **Circuit Judge**. The petitioner, Junior Omar Matos-Santana, is a native and citizen of the Dominican Republic. He seeks judicial review of a final order of the Board of Immigration Appeals (BIA) denying his motion to reopen long-closed removal proceedings. The BIA rejected the motion as untimely and declined to exercise its discretionary authority to relieve the petitioner from the time bar. We deny the petition for review.

The relevant facts and travel of this case are susceptible to succinct summarization. The petitioner entered the United States in 1982 and thereafter became a lawful permanent resident. About a decade after his arrival, local authorities charged him with robbery in the second degree. See N.Y. Penal Law § 160.10. After pleading guilty to the charge, he served eleven months in prison.

A few years later, local authorities charged the petitioner with another crime — this time, auto stripping in the third degree. See id. § 165.09. He once again entered a guilty plea, and the court sentenced him to a three-year probationary term. Neither this conviction nor the earlier robbery conviction led to any immediate difficulty with immigration officials.

In 2003, the petitioner opted to travel abroad. Upon his return, the Department of Homeland Security (DHS) denied him readmission on account of, among other things, his conviction for

-2-

robbery, which the DHS classified as a crime involving moral turpitude.  See 8 U.S.C. § 1182(a)(2)(A)(i)(I).

The petitioner was paroled into the United States, and removal proceedings ensued.  During the removal proceedings, the petitioner conceded that second-degree robbery was a crime of moral turpitude, but he contended that his conviction for that crime should be waived pursuant to former 8 U.S.C. § 1182(c) (repealed 1996).[1]  The government demurred, arguing that the petitioner's subsequent conviction for yet another crime of moral turpitude — his auto-stripping conviction — rendered him ineligible for a section 1182(c) waiver.  The petitioner responded that auto stripping was not a crime of moral turpitude or, if it so qualified, fell within the statute's "petty offense" exception. See id. § 1182(a)(2)(A)(ii)(II).  He further contended that, in any event, he was eligible for cancellation of removal.  See id. § 1229b(a).

_____

[1] This now-repealed statute provided:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section . . . .

8 U.S.C. § 1182(c) (repealed 1996).  Notwithstanding its repeal, section 1182(c) waivers remain available to aliens who were eligible for such waivers at the time of their guilty plea.  See INS v. St. Cyr, 533 U.S. 289, 326 (2001), superseded by statute on other grounds, REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a), 119 Stat. 231, 310-11.

On August 20, 2003, the immigration judge (IJ) delivered a bench decision in which she ruled that the petitioner was not entitled to either a section 1182(c) waiver or cancellation of removal. In so ruling, the IJ concluded that auto stripping was itself a crime of moral turpitude and that, therefore, the petitioner's earlier conviction for a crime of moral turpitude — second-degree robbery — could not be overlooked.

The petitioner took an administrative appeal from the IJ's removal order. The BIA affirmed the removal order without opinion. The petitioner did not seek judicial review of the BIA's decision. That decision became final and, on February 11, 2004, the petitioner was returned to his homeland.

Several years passed. Then, in an unrelated case, the Supreme Court held that a failure by defense counsel to inform a criminal defendant that a guilty plea would carry a risk of deportation may constitute ineffective assistance of counsel. See Padilla v. Kentucky, 130 S. Ct. 1473, 1483, 1486 (2010). Seizing upon this holding, the petitioner (still in the Dominican Republic) asserted that Padilla mandated vacation of his auto-stripping conviction and that, with the auto-stripping conviction out of the picture, he was eligible for a section 1182(c) waiver. In the petitioner's view, this meant that he was entitled to return to the United States.

On June 24, 2010, the petitioner filed a motion before the BIA to reopen his removal proceedings so that he could attack

his auto-stripping conviction under Padilla and offer his newly conceived theory. In an attached affidavit, he vouchsafed that his defense counsel in the auto-stripping prosecution had erroneously advised him that a guilty plea would carry no adverse deportation consequences. He also rehashed a litany of arguments that the IJ had heard and rejected during the 2003 removal proceedings.

The BIA denied the motion to reopen. It first determined that because the petitioner had filed his motion after his departure from the United States, it lacked jurisdiction to entertain his motion. See 8 C.F.R. § 1003.2(d). As an alternative ground of decision, the BIA further determined that the motion was untimely because it had been filed more than ninety days after the final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Relatedly, the BIA observed that, in the first instance, the criminal court was the appropriate venue for the petitioner's Padilla claim and that, until the petitioner had successfully challenged the auto-stripping conviction in a court of competent jurisdiction, the BIA was obliged to regard the conviction as valid for immigration purposes. This petition for judicial review followed.

Motions to reopen removal proceedings are disfavored because they pose a significant risk of frustrating "the compelling public interests in finality and the expeditious processing of proceedings." Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007) (quoting Raza v. Gonzales, 484 F.3d 125, 127 (1st Cir.

-5-

2007)).  We review rulings denying motions to reopen for abuse of discretion.  INS v. Doherty, 502 U.S. 314, 323 (1992); Vaz Dos Reis v. Holder, 606 F.3d 1, 3 (1st Cir. 2010).  This standard is nuanced.  While judgment calls engender classic abuse of discretion review, the BIA's factual determinations must be accepted as long as they are supported by substantial evidence.  Vaz Dos Reis, 606 F.3d at 3; Radkov v. Ashcroft, 375 F.3d 96, 98 (1st Cir. 2004).  Moreover, the BIA's legal conclusions must be appraised de novo, albeit with some deference "afforded to the BIA's reasonable interpretations of statutes and regulations falling within its purview."  Ahmed v. Holder, 611 F.3d 90, 94 (1st Cir. 2010).

In this case, judicial review is subject to a further restriction.  Because the petitioner was found removable by virtue of a conviction for a crime of moral turpitude, judicial review is limited to constitutional claims and questions of law.  See 8 U.S.C. § 1252(a)(2)(C)-(D); Larngar v. Holder, 562 F.3d 71, 75 (1st Cir. 2009).

Aliens possess a statutory right to file a motion to reopen removal proceedings.  See 8 U.S.C. § 1229a(c)(7)(A).  But this right is not without qualification.  The applicable statute places two principal limitations on the right, one numerical and one temporal.  See id. (authorizing an alien to "file one motion to reopen"); id. § 1229a(c)(7)(C)(i) (stating that a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal"); see also 8 C.F.R.

§ 1003.2(c)(2). There are exceptions to the temporal limitation, see 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv), but no such exception applies here.

In this case, the order of removal became final early in 2004. Yet, the petitioner did not move to reopen the removal proceedings until 2010 (more than six years later). Consequently, the BIA did not err in finding that the motion to reopen was time-barred.

To be sure, a failure to file a timely motion does not automatically sound the death knell for an alien's attempt to reopen his removal proceedings. Despite the numerical and temporal limitations delineated in the applicable statute and regulation, the BIA has the authority at any time, on its own initiative, to reopen a previously decided case. See Peralta v. Holder, 567 F.3d 31, 33 (1st Cir. 2009); 8 C.F.R. § 1003.2(a). Here, however, the BIA chose not to use its sua sponte authority to relax the time bar. Given the circumstances of this case, the BIA's decision is readily understood: the petitioner's request for an exception depended on his Padilla argument, but he had made no effort in the New York courts to set aside the auto-stripping conviction. The BIA's refusal to allow the petitioner to mount a collateral challenge to a criminal conviction in the immigration court seems eminently reasonable. See Gouveia v. INS, 980 F.2d 814, 817 (1st Cir. 1992) ("Criminal convictions cannot be collaterally attacked during immigration proceedings."); cf. Custis v. United States, 511

U.S. 485, 497 (1994) (holding that a defendant cannot collaterally attack a prior state conviction during a federal sentencing proceeding in a different case).

We need not probe this point too deeply. In the last analysis, the decision whether to exercise this sua sponte authority is committed to the unbridled discretion of the BIA, and the courts lack jurisdiction to review that judgment. Neves v. Holder, 613 F.3d 30, 35 (1st Cir. 2010) (per curiam); Peralta, 567 F.3d at 34; Luis v. INS, 196 F.3d 36, 40 (1st Cir. 1999). Thus, to the extent that the petitioner complains that the BIA improvidently failed to exercise its sua sponte authority to entertain his untimely motion to reopen, we are without jurisdiction to consider his plaint.

We need go no further.[2] For the reasons elucidated above, we deny the petition for judicial review.


**So Ordered**.

---

[2] As an alternative ground for its decision, the BIA maintained that the so-called departure bar, 8 C.F.R. § 1003.2(d), required it to deny the petitioner's motion to reopen. Citing Pruidze v. Holder, 632 F.3d 234, 235-41 (6th Cir. 2011), the petitioner argues that the departure bar is unenforceable. Because we uphold the BIA's denial of the motion to reopen as time-barred, we need not address this alternative ground of decision.