BOUDIN, Circuit Judge,
concurring.
In this case, Romer filed a third motion to reopen his removal proceedings; five years earlier he was granted a voluntary departure order. He contends that he did not subsequently depart because he had filed a timely motion to reopen the original order and — for a number of yeare — -had been misled by his counsel into believing that the motion was still pending and that his voluntary departure commitment was suspended during this pendency. In fact, the motion had been denied not long after its filing.
The Immigration Judge (“IJ”) denied the third motion to reopen, indicating that she did not believe Romer’s professions that he had been misled. Romer’s account of his counsel’s alleged misbehavior had some corroboration from his pastor and *45 other documents, but some evidence arguably cast doubt on his account. Although the IJ found that Romer was merely “looking for ways” to “circumvent” his promise to depart, the IJ did not grapple directly with Romer’s detailed explanation and the Board of Immigration Appeals (“Board”) merely affirmed without explanation.
Even if Romer’s contention that he had been misled is to be believed, he faces two further problems: first, that under the governing regulation and statute, 8 C.F.R. § 1003.23(b)(1); 8 U.S.C. § 1229a(c)(7)(A), 1229a(c)(7)(C)(i), he was permitted only one motion to reopen filed within 90 days of the final order of removal; and second, the IJ noted that a failure to depart voluntarily as promised implicated a ten year bar on the kind of relief that Romer might otherwise pursue to remain in — or return to — the country based on his wife’s achievement of citizenship, which occurred well after Romer agreed to the original order to depart. 8 U.S.C. § 1229c(d)(l).
However, some circuits have allowed equitable tolling to be applied to both the time and number bar on succeeding petitions.[10] As for the ten year bar, the Ninth Circuit, consistent with a Board decision, has suggested that it might not apply if the party who had voluntarily agreed to depart was misled or not informed of the obligation to depart by counsel.[11] These are issues seemingly open in this circuit and can be deferred unless and until they are necessarily posed and adequately briefed.
The IJ is perhaps not to be faulted for failing to address those legal issues in detail because the IJ did not credit Rom-er’s profession that he had been misled by counsel. Unless Romer had been misled, there would be little basis for any claim of equitable tolling that might otherwise be available. But that negative credibility finding, not adequately explained, does need to be revisited — unless the Board wishes to assume the correctness of Rom-er’s factual allegations because its disposition of the legal issues would be dispositive.
Finally, even if equitable tolling were ultimately rejected, the IJ and Board might wish to be cautious in invoking the ten-year bar on adjustment of status which could have adverse consequences for Rom-er over and above removal. In principle, Romer might be able to avoid the ten-year bar based on an exception seemingly recognized by the Board (see note 11, above), even if he is still removable at this time based on his original commitment to depart voluntarily.

. Zhao v. INS, 452 F.3d 154, 157-60 (2d Cir.2006); Ray v. Gonzales, 439 F.3d 582, 590 (9th Cir.2006). But see Abdi v. U.S. Att’y Gen., 430 F.3d 1148, 1150 (11th Cir.2005). Compare Peralta v. Holder, 567 F.3d 31, 34 (1st Cir.2009)

. See Singh v. Holder, 658 F.3d 879, 886-87 (9th Cir.2011); In re Zmijewska, 24 I. & N. Dec. 87, 93-94 (B.1.A.2007)