# United States Court of Appeals
## For the First Circuit

No. 13-1504

ISMAEL CHARUC,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Selya, <u>Circuit Judge</u>,
and Hillman,[*] <u>District Judge</u>.

<u>Sarita Rivera-Sasa</u> and <u>Rivera Sasa Immigration Law Offices</u> on brief for petitioner.
<u>Stuart F. Delery</u>, Acting Assistant Attorney General, Civil Division, United States Department of Justice, <u>David V. Bernal</u>, Assistant Director, Office of Immigration Litigation, and <u>Yedidya Cohen</u>, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

December 6, 2013

---

[*]Of the District of Massachusetts, sitting by designation.

**SELYA, Circuit Judge.** Petitioner Ismael Charuc, a Guatemalan national, seeks judicial review of a final order of the Board of Immigration Appeals (BIA) refusing to reconsider a previous denial of a motion to reopen. After careful consideration, we conclude that we lack jurisdiction over the claims asserted in the petition.

The genesis of this petition is easily traced. Petitioner entered the United States without inspection in 2001. On September 23, 2007, local authorities arrested him for driving under the influence of alcohol and driving without a license. These infractions brought him to the attention of the Department of Homeland Security, which instituted removal proceedings against him. See 8 U.S.C. § 1182(a)(6)(A)(i).

The petitioner initially appeared pro se in the immigration proceedings but later obtained counsel and submitted applications for withholding of removal, protection under the Convention Against Torture, and (alternatively) post-hearing voluntary departure. An immigration judge (IJ) held a hearing on June 15, 2009. The petitioner conceded removability but pressed his cross-applications for relief. The IJ found the petitioner's testimony to be incredible. Consequently, she denied all of his requests for relief.

The petitioner filed a timely appeal with the BIA. On April 27, 2011, the BIA dismissed that appeal. The petitioner

filed a timely motion to reconsider the dismissal and, on December 2, 2011, the BIA denied that motion.

More than eight months elapsed without any further activity. Then — on August 24, 2012 — the petitioner moved to reopen to allow him to apply for pre-hearing voluntary departure pursuant to 8 U.S.C. § 1229c(a)(1). The motion was filed beyond the time allotted by the applicable regulation, see 8 C.F.R. § 1003.2(c)(2), and was therefore addressed to the BIA's sua sponte authority to reopen, see Matos-Santana v. Holder, 660 F.3d 91, 94 (1st Cir. 2011). On December 27, 2012, the BIA denied the motion, concluding that the petitioner had not established that "sua sponte reopening to allow the [petitioner] to pursue pre-hearing voluntary departure [was] warranted."

The petitioner filed a timely motion to reconsider this denial. See 8 C.F.R. § 1003.2(b)(2). On March 25, 2013, the BIA refused reconsideration. This petition for judicial review followed.

In immigration proceedings, motions to reopen are authorized under 8 U.S.C. § 1229a(c)(7). Apart from certain specific exceptions (none of which applies here), a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. See id. § 1229a(c)(7)(C)(i). But notwithstanding the narrowness of this window, the BIA possesses a

modicum of sua sponte authority to reopen immigration proceedings. See 8 C.F.R. § 1003.2(a).

In the case at hand, the order of removal became final on April 27, 2011 (when the BIA dismissed the petitioner's appeal from the IJ's decision). See 8 U.S.C. § 1101(a)(47)(B)(i). It follows inexorably that the petitioner's motion to reopen, which was not filed until more than a year after the order of removal became final, invoked only the BIA's sua sponte authority.

Had the petitioner sought judicial review of the BIA's refusal to exercise its sua sponte authority to reopen his case, we would have been without jurisdiction to entertain his importunings. After all, it is settled beyond hope of contradiction that "the decision whether to exercise this sua sponte authority is committed to the unbridled discretion of the BIA, and the courts lack jurisdiction to review that judgment." Matos-Santana, 660 F.3d at 94; accord Neves v. Holder, 613 F.3d 30, 35 (1st Cir. 2010) (per curiam).

Moreover, this petition is at yet a further remove. Rather than petitioning for review of the BIA's denial of his motion to reopen, the petitioner filed an unsuccessful motion for reconsideration. He now seeks judicial review of the denial of reconsideration. This attempted end run around the jurisdictional obstacle does not improve his position.

-4-

At least in the absence of special circumstances, we think it virtually unarguable that when an appellate court lacks jurisdiction to review an agency's denial of particular relief, it must also lack jurisdiction to review the denial of a motion to reconsider the failure to grant that relief.[1]  We so held in Mehilli v. Gonzales, 433 F.3d 86 (1st Cir. 1995), in which we refused to allow a limitation on jurisdiction to be "circumvent[ed]" by the filing of a motion to reconsider.  Id. at 92-93.  This holding comports with the great weight of authority elsewhere.  See, e.g., Rangel-Perez v. U.S. Att'y Gen., 523 F. App'x 671, 672 (11th Cir. 2013) (per curiam); Cruz-Mayaho v. Holder, 698 F.3d 574, 576-77 (7th Cir. 2012); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006); Durant v. INS, 393 F.3d 113, 115 (2d Cir. 2004); Belay-Gebru v. INS, 327 F.3d 998, 1000-01 (10th Cir. 2003).  But see Averianova v. Holder, 592 F.3d 931, 934-35 (8th Cir. 2010).  We hew today to the line drawn in Mehilli.

---

[1]  Some courts have eschewed any hard-and-fast rule and asserted jurisdiction in special circumstances.  Those courts have suggested, for example, that jurisdiction might attach where the challenged action undermines the statutory scheme, or where the unreviewable relief is coupled with a reviewable request for relief, or where the reconsideration does not require the court to address any discretionary grounds relied on by the BIA.  See Calma v. Holder, 663 F.3d 868, 876-77 (7th Cir. 2011); Fernandez v. Gonzales, 439 F.3d 592, 602-03 (9th Cir. 2006); Obioha v. Gonzales, 431 F.3d 400, 406-08 (4th Cir. 2005).  Because this case presents no special circumstances, we have no occasion to explore these exceptions.

In a clumsy effort to blunt the force of this analysis, the petitioner claims that the 90-day deadline for motions to reopen should have been equitably tolled and that, therefore, his motion to reopen should have been considered timely. In the petitioner's view, the IJ's failure to comply with her duty to inform him of his possible eligibility for pre-hearing voluntary departure, see 8 C.F.R. § 1240.11(a)(2), warrants tolling — and the effect of such tolling justifies the assertion of jurisdiction.[2]

This claim is hopeless. When the petitioner filed his motion to reopen, he did not assert an entitlement to equitable tolling. It was only in his motion to reconsider the denial of the motion to reopen that he vaguely asserted, albeit inartfully, that he might be entitled to equitable tolling. But the ground on which the claim for equitable tolling rested — that the IJ blundered by failing to inform him of his apparent eligibility to apply for pre-hearing voluntary departure — was a dead letter; that is, it was a ground that had been raised and rejected more than a year before. The basis for the equitable tolling claim was, therefore, resolved prior to the filing of the motion to reopen and could not alter the jurisdictional calculus.

---

[2] There is an unsettled question in this circuit about whether equitable tolling can apply at all to the time limit specified for motions to reopen. See Bolieiro v. Holder, 731 F.3d 32, 39 (1st Cir. 2013) (recognizing that this court has "not yet decided whether equitable tolling applies to the . . . ninety-day deadline"). We have no occasion to answer this question today.

We need go no further.  For the reasons elucidated above, we dismiss the petition for judicial review.


**So Ordered**.