**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2532**

_____

ANATOLI STANCHEV STANEV,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  June 13, 2014                Decided:  June 30, 2014

_____

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

_____

Petition denied in part; dismissed in part by unpublished per curiam opinion.

_____

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Stuart F. Delery, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Andrea N. Gevas, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anatoli Stanchev Stanev, a native and citizen of Bulgaria, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. We deny in part and dismiss in part the petition for review.

On May 11, 2012, the Board dismissed Stanev's appeal from the immigration judge's order denying his motion to reopen. On October 3, 2013, Stanev filed a motion to reopen with the Board based on changed circumstances. The Board denied the motion because it was untimely. The Board also declined to exercise its sua sponte authority to reopen.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2012); 8 C.F.R. § 1003.2(c)(2) (2013). There is no time limit for filing a motion to reopen if the basis is to apply for asylum based on changed country conditions that occurred since the prior proceeding. 8 U.S.C. § 1229a(c)(7)(C). However, a motion to reopen based on a change in personal circumstances, such as a marriage and an approved I-130 visa petition, is not the same as a change in country conditions and does not excuse the time limitations for filing a motion to reopen. See Ji Cheng Ni v. Holder, 715 F.3d 620, 624 (7th Cir. 2013); Najmabadi v. Holder, 597 F.3d 983, 991 (9th Cir. 2010); Mei Ya Zhang v. Attorney Gen., 572 F.3d 1316, 1319

2

(11th Cir. 2009); Larngar v. Holder, 562 F.3d 71, 77 (1st Cir. 2009). Accordingly, we deny the petition for review from that part of the Board's order denying Stanev's untimely motion to reopen.

We are without jurisdiction to review the Board's decision to decline to exercise its sua sponte authority to reopen the case. In Mosere v. Mukasey, 552 F.3d 397, 400-01 (4th Cir. 2009), we noted that 8 C.F.R. § 1003.2(a) "provides that the [Board] 'may' reopen on its own motion, but it 'provides no guidance as to the [Board]'s appropriate course of action, sets forth no factors . . ., places no constraints on the [Board]'s discretion, and specifies no standards for a court to use to cabin the [Board]'s discretion.'" Id. at 401 (quoting Tamenut v. Mukasey, 521 F.3d 1000, 1004 (8th Cir. 2008)). "Because there are no meaningful standards by which to judge the [Board]'s exercise of discretion," we concluded that we lack jurisdiction over the Board's refusal to sua sponte reopen a case. Mosere, 552 F.3d at 401; see also Peralta v. Holder, 567 F.3d 31, 34 (1st Cir. 2009) ("The [Board]'s discretion in this regard is unfettered[.]"). Accordingly, we dismiss that part of the petition for review from the Board's order denying sua sponte reopening.

We deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED IN PART;
DISMISSED IN PART
