**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-1458

JAVIER ANTONIO CERRATO-MARQUEZ,

Petitioner,

v.

ERIC H. HOLDER, JR.,
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before
Lynch, <u>Chief Judge</u>,
Souter,[*] <u>Associate Justice</u>,
and Lipez, <u>Circuit Judge</u>.

<u>John H. Ruginski, Jr.</u> on brief for petitioner.
<u>Colin J. Tucker</u>, Office of Immigration Litigation, Civil
Division, Department of Justice, <u>Stuart F. Delery</u>, Assistant
Attorney General, Civil Division, and <u>Terri J. Scadron</u>, Assistant
Director, Office of Immigration Litigation, on brief for
respondent.

July 11, 2014

[*]Hon. David H. Souter, Associate Justice (Ret.) of the Supreme
Court of the United States, sitting by designation.

**SOUTER, Associate Justice.**  Petitioner Javier Antonio Cerrato-Marquez seeks review of an order of the Board of Immigration Appeals (BIA) denying his untimely motion to reopen removal proceedings and to reconsider dismissal of his appeal of an immigration judge's decision ordering him removed.  We dismiss the petition for lack of jurisdiction.

I.

Cerrato-Marquez, a native and citizen of Honduras, unlawfully entered the United States in 1991 and has remained here since then.  At a hearing before an immigration judge, he admitted that after his arrival in the United States he had twice been convicted of possession with intent to distribute cocaine.

In 2008, Cerrato-Marquez was charged with and conceded removability as both "[a]n alien present in the United States without being admitted or paroled," 8 U.S.C. §1182(a)(6)(A)(i), and an alien who "is or has been an illicit trafficker in [a] controlled substance," id. §1182(a)(2)(C).  He nevertheless sought to forestall deportation by filing an application for withholding of removal and for relief under the Convention Against Torture.  He claimed that, upon his return to Honduras, he would face persecution and torture as someone who had lived in the United States for a long time, and thus be subject to a misperception that he was wealthy, making him a target for kidnapping and other criminal victimization.  The immigration judge denied relief

-2-

because Cerrato-Marquez had not shown a likelihood either of persecution as a member of a "particular social group" or of torture. The BIA agreed in full with the immigration judge's analysis and dismissed Cerrato-Marquez's appeal, by an order dated March 5, 2012.

On December 27, 2012, nearly 300 days later, Cerrato-Marquez moved to reopen the removal proceedings because, he argued, the Government had fallen short of establishing removability, by failing to provide records of his convictions for cocaine distribution. The BIA denied the motion as untimely, construing it as one both to reopen removal proceedings and to reconsider its decision dismissing his appeal. The BIA further held that Cerrato-Marquez had not described the sort of "exceptional situation" that might warrant its exercise of discretionary jurisdiction to reopen proceedings or reconsider a prior decision *sua sponte*, because his motion contained no information or argument that could not have been presented in his first appeal to the Board. In the alternative, the BIA ruled that the Government had no obligation to produce a record of conviction, given Cerrato-Marquez's concession of removability and express acknowledgment of his cocaine distribution convictions.

This petition for review followed.

Save for exceptions not to the point here, an alien's statutory right to move to reopen removal proceedings expires "90 days [after] the date of entry of a final administrative order of removal." 8 U.S.C. §1229a(c)(7)(A). A motion to reconsider a BIA order must, without statutory exception, be filed even sooner, within 30 days of a final order of removal. Id. §1229a(c)(6)(B). The failure to file a timely motion to reopen or reconsider, however, "does not automatically sound the death knell for an alien's attempt to reopen his removal proceedings." Matos-Santana v. Holder, 660 F.3d 91, 94 (1st Cir. 2011). The BIA's regulations provide that it "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision" and further permit "the party affected by the decision" to file written requests for the Board to exercise this *sua sponte* authority. 8 C.F.R. §1003.2(a). Whether to take any of these actions, however, "is committed [by regulation] to the unbridled discretion of the [BIA]." Matos-Santana, 660 F.3d at 94; see also 8 C.F.R. §1003.2(a) ("The decision to grant or deny a[n untimely] motion to reopen or reconsider is within the discretion of the [BIA] . . . . The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). Given the absence of any articulable standard against which we could evaluate such a discretionary determination by the BIA, we have

held that "the courts lack jurisdiction to review" the BIA's exercise of its *sua sponte* authority. <u>Matos-Santana</u>, 660 F.3d at 94.

Here, there is no dispute that Cerrato-Marquez did not file his motion within the statutory limits set forth in 8 U.S.C. §1229a(c), with the consequence that the only issue could be the BIA's abuse of discretion in acting under §1003.2(a), which we have no jurisdiction to examine. The petition for review is DISMISSED.