# United States Court of Appeals
## For the First Circuit

No. 13-1131

JOSE MARIA GUERRERO,

Petitioner,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Howard and Thompson, <u>Circuit Judges</u>,
Laplante, <u>District Judge</u>.<sup>*</sup>

<u>Martin D. Harris</u> on brief for petitioner.
<u>Jennifer P. Levings</u>, Senior Litigation Counsel, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, <u>Stuart F. Delery</u>, Assistant Attorney General, Civil Division, and <u>Shelley R. Goad</u>, Assistant Director, Office of Immigration Litigation, on brief for respondent.

September 9, 2014

<sup>*</sup> Of the District of New Hampshire, sitting by designation.

**THOMPSON, Circuit Judge.** The petitioner, Jose Maria Guerrero, is a native and citizen of the Dominican Republic. He seeks review of a final order of the Board of Immigration Appeals ("BIA"), dated December 27, 2012, vacating a prior decision to reopen proceedings, and reinstating a prior order of deportation. Because the BIA acted pursuant to its discretionary sua sponte authority, we lack jurisdiction to review the petition.

## I.  BACKGROUND

We relate only the necessary factual and procedural background to provide context for our decision.

### A.  Initial Deportation Proceedings

Guerrero was admitted to the United States on May 8, 1986, as a lawful permanent resident. On May 13, 1991, he was convicted of criminal possession of a controlled substance in violation of New York law. By virtue of this conviction, the former Immigration and Naturalization Service ("INS")[1] commenced deportation proceedings against Guerrero in September 1995, filing an Order to Show Cause ("OSC") with the immigration court. The INS charged Guerrero with deportability under § 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §

---

[1] "The INS's enforcement functions have since been transferred to the Department of Homeland Security." Chedid v. Holder, 573 F.3d 33, 34 n.1 (1st Cir. 2009). For purposes of this opinion, we refer to the agency in place at the time the deportation proceedings commenced: the INS.

-2-

1251(a)(2)(B)(i),[2] as an alien convicted of violating a controlled substance law, and submitted the conviction record as evidence. Appearing with counsel before an immigration judge ("IJ") on April 16, 1996, Guerrero (through written pleadings) admitted the OSC's factual allegations, and conceded his deportability as charged. As relief from deportation, however, Guerrero sought a waiver of inadmissibility under former INA § 212(c). See 8 U.S.C. § 1182(c), repealed by Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Title III, § 304(b), 110 Stat. 3009, 3009-597.[3] At a later hearing on March 11, 1997, the IJ gave Guerrero the opportunity to withdraw his pleadings admitting the OSC's allegations and conceding deportability, and to contest deportability. When he declined, the IJ ruled that Guerrero's admissions and concession of deportability, along with the evidence on the record, sustained the charge of deportability. The IJ then pretermitted Guerrero's application for § 212(c) relief -- finding the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), precluded § 212(c) relief

_____

[2] Now INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).

[3] Repealed in 1996, "[t]he former § 212(c) granted the Attorney General broad discretion to terminate deportation proceedings against an excludable alien. For decades, the class of aliens eligible for such relief included aliens ordered . . . deportable because of multiple convictions involving crimes of moral turpitude." Nadal-Ginard v. Holder, 558 F.3d 61, 64 n.4 (1st Cir. 2009).

-3-

"for all aliens deportable by reason of having committed any [controlled substance] offenses" -- and ordered his deportation.

Guerrero appealed the IJ's decision to the BIA on April 8, 1997. On February 28, 2000, while the appeal was still pending before the BIA, Guerrero pled nolo contendere in Rhode Island state court to a charge of manufacturing/delivering a schedule I/II controlled substance (cocaine), for which he received a deferred sentence of five years.[4] On July 31, 2000, the BIA (unaware of the Rhode Island conviction) sustained Guerrero's appeal of the IJ's March 11, 1997 decision because the AEDPA restrictions the IJ relied on did not apply retroactively to proceedings commenced on or before April 24, 1996, and Guerrero's proceedings had commenced when he was served with the OSC on September 15, 1995. It remanded the record back to the IJ to allow Guerrero the opportunity to apply for § 212(c) relief.

On September 7, 2000, during a hearing on remand, INS orally amended the OSC to reflect the Rhode Island conviction. According to the INS, Guerrero was now also subject to deportation under former INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1251(a)(2)(A)(iii),[5] as an alien who, at any time after admission, is convicted of an aggravated felony. The IJ, finding the Rhode Island conviction qualified as an aggravated felony,

_____

[4] The charged offense was committed on September 16, 1998.

[5] Now INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

again pretermitted Guerrero's claim for § 212(c) relief on September 10, 2001, and ordered him "removed and deported to the Dominican Republic on the two charges lodged against him."[6] Guerrero timely appealed to the BIA. And on January 23, 2002, the BIA affirmed the IJ's September 10, 2001 decision, agreeing that Guerrero's Rhode Island conviction precluded him from § 212(c) relief. Guerrero was physically removed from the United States to the Dominican Republic on September 18, 2002.

## B. Reopening of Proceedings

On January 11, 2006, Guerrero entered the United States, without inspection or admission. More than a year later, on June 22, 2007, he filed an untimely motion with the BIA to reopen his proceedings.[7] Guerrero contended that reopening was warranted because his Rhode Island conviction had been vacated, and he submitted the May 30, 2002 Rhode Island state court order vacating said conviction. INS did not respond to this motion. The BIA denied the motion to reopen on July 23, 2007, explaining Guerrero's Rhode Island conviction remained final for immigration purposes because it was "unable to ascertain whether the [Rhode Island state] court's action was taken pursuant to a rehabilitative

[6] The IJ had found that the added OSC charge for the Rhode Island conviction was sustained by clear, convincing, and unequivocal evidence.

[7] As of right, an alien may file a single motion to reopen within 90 days of the date of the BIA's final decision. See 8 U.S.C. §§ 1229a(c)(7)(A) & (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

-5-

statute or to ameliorate the immigration consequences of [Guerrero]'s conviction."

On March 17, 2008, Guerrero filed an untimely motion to reconsider the BIA's July 23, 2007 decision.[8] Reiterating that a conviction no longer existed to support his deportability under the then-existing § 241(a)(2)(A)(iii) as an alien convicted of an aggravated felony, and that he was thus not barred from being considered for a § 212(c) waiver of inadmissibility, Guerrero submitted documentation evidencing that the criminal charge underpinning the Rhode Island conviction had been dismissed "on the grounds that the State cannot sustain its burden of proof in the prosecution of this matter." INS did not respond to this motion either.

Although Guerrero's motion was untimely,[9] the BIA nevertheless decided to sua sponte reopen the proceedings on June 4, 2008, remanded the record back to the IJ for further consideration of Guerrero's deportability under § 241(a)(2)(A)(iii), eligibility for § 212(c) relief, and "any other relief for which he may currently qualify." In doing so, the BIA explained that the evidence submitted with the motion was

---

[8] A motion to reconsider a BIA order must be filed within 30 days of a final order of removal. See 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2).

[9] The BIA found the motion to be untimely whether it was considered as a motion to reconsider (under 8 C.F.R. § 1003.2(b)) or as a motion to reopen (under 8 C.F.R. § 1003.2(c)(2)).

"undisputably probative (and potentially dispositive) of whether a 'conviction' . . . exists to support [Guerrero's] deportability as an alien convicted of an aggravated felony, and by extension to preclude him from being considered for 212(c) relief." It further explained -- mistakenly -- that because Guerrero "has been a lawful permanent resident of the United States for over 22 years," he might "be able to demonstrate eligibility for section 212(c)."

At a hearing on remand on May 11, 2010 before a new IJ, INS challenged Guerrero's eligibility for relief from removal, arguing that he was no longer a lawful permanent resident under 8 C.F.R. § 1001.1(p)[10], and that the BIA had improperly reopened proceedings in light of his 2002 deportation. Following further briefing on the issue, the IJ issued a decision on November 22, 2010, holding that the immigration court lacked jurisdiction to adjudicate Guerrero's § 212(c) waiver application or any other application for relief due to the departure bar of 8 C.F.R. § 1003.23(b)(1), which limited its jurisdiction to adjudicate

---

[10] "The term lawfully admitted for permanent residence means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed. Such status terminates upon entry of a final administrative order of exclusion, deportation, removal, or rescission." 8 C.F.R. § 1001.1(p).

-7-

motions filed by aliens who had left the United States.[11]  The IJ ordered Guerrero's deportation for the third time.

## C.  The BIA's Sua Sponte Reconsideration

Guerrero appealed this decision to the BIA on December 20, 2010.  Three days later, on December 23, 2010, INS filed a motion to vacate the June 4, 2008 sua sponte reopening order.  On December 27, 2012, the BIA issued its decision -- the subject of this appeal -- determining that its June 4, 2008 order sua sponte reopening proceedings was issued in error.  Citing "legal and factual errors in its prior decision to sua sponte reopen proceedings," the BIA reconsidered the June 4, 2008 decision, and ultimately denied Guerrero's March 17, 2008 motion to reconsider. Accordingly, the BIA granted INS's motion to vacate; vacated its own June 4, 2008 sua sponte order, as well as the IJ's November 22, 2010 decision ordering Guerrero's deportation; denied Guerrero's March 17, 2008 motion to reconsider; and dismissed Guerrero's appeal from the IJ's November 22, 2010 decision as moot.  The BIA then declared that its January 23, 2002 deportation order remained in effect.

---

[11] "A motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States."  8 C.F.R. § 1003.23(b)(1).

## II.  ANALYSIS

Advancing multiple arguments, Guerrero now petitions for review of the BIA's November 27, 2012 order (the most recent one) effectively denying <u>sua sponte</u> reopening proceedings, and asks us to reverse it.  But we cannot.  We lack jurisdiction to do so.

Although we typically have jurisdiction to review the denial of a motion to reopen by the BIA, "there are exceptions to that general rule."  <u>Peralta</u> v. <u>Holder</u>, 567 F.3d 31, 32 (1st Cir. 2009).  One of these exceptions is the review of a "decision not to reopen removal proceedings sua sponte," <u>id.</u>, because "[t]here are no guidelines or standards which dictate how and when the BIA should invoke its sua sponte power," <u>Córdoba-Quiroz</u> v. <u>Gonzáles</u>, 233 F. App'x 5, 7 (1st Cir. 2007)(alteration in original)(quoting <u>Luis</u> v. <u>I.N.S.</u>, 196 F.3d 36, 41 (1st Cir. 1999))(internal quotation marks omitted).[12]  "The BIA's regulations provide that it 'may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.'"  <u>Cerrato-Marquez</u> v. <u>Holder</u>, 563 F. App'x 1, 2 (1st Cir. 2014)(quoting 8 C.F.R. § 1003.2(a))(Souter, J.).  And this decision of whether to invoke its <u>sua sponte</u> authority is committed "to the unbridled discretion of the [BIA]."

---

[12] As noted by the government in its brief, there is also an exception, contained in 8 U.S.C. § 1252(a)(2)(D), which allows this court, in certain instances where judicial review might be limited or eliminated, to review constitutional claims or questions of law. The government argues that this section does not apply to the matter at hand but this is not something we need to delve into as Guerrero, himself, makes no argument relative to this issue.

Id. (alteration in original)(quoting Matos-Santana v. Holder, 660 F.3d 91, 94 (1st Cir. 2011))(internal quotation marks omitted); see 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board . . . . [which] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.").

It is undisputed that the BIA's June 4, 2008 order reopening Guerrero's proceedings was issued pursuant to its sua sponte authority.  In deciding to invoke this discretionary power, the BIA admittedly relied on the erroneous premise that Guerrero had continued to reside in the United States for over twenty-two years as a lawful permanent resident, unaware of Guerrero's deportation from the country in the interim.  After learning of "this previously undisclosed fact,"[13] the BIA reconsidered its decision on December 27, 2012, and concluded that sua sponte reopening was not warranted.  It was fully authorized to do so. See Cerrato-Marquez, 563 F. App'x at 2.  The BIA had unfettered discretion to deny reopening the proceedings in March 2008 (when Guerrero filed his untimely motion to reconsider), and it retained unfettered discretion to reconsider and deny reopening in December 2012.  See Matos-Santana, 660 F.3d at 94 ("[T]he BIA has the

_____

[13] Guerrero did not disclose to the BIA in his motion to reopen (June 22, 2007) or his motion to reconsider (March 14, 2008) that he had been deported and had subsequently re-entered the United States without inspection.

-10-

authority at any time, on its own initiative, to reopen a previously decided case."). Consequently, just as we would have lacked jurisdiction to review the BIA's refusal to exercise its <u>sua sponte</u> authority to reopen Guerrero's case in June 2008, we lack jurisdiction to review it now. <u>Cf.</u> <u>Charuc</u> v. <u>Holder</u>, 737 F.3d 113, 115 (1st Cir. 2013) ("[W]e think it virtually unarguable that when an appellate court lacks jurisdiction to review an agency's denial of particular relief, it must also lack jurisdiction to review the denial of a motion to reconsider the failure to grant that relief.").

We need go no further.

### III. CONCLUSION

For the aforementioned reasons, we dismiss the petition for judicial review.