**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2283
_____

KWAME DWUMAAH,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-462-772)
Immigration Judge:  Honorable Roxanne C. Hladylowycz
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2015

Before:  CHAGARES, JORDAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 13, 2015 )
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Kwame Dwumaah petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion for reconsideration. We will deny the petition in part and dismiss it in part.

Dwumaah is a citizen of Ghana. In 2007, an Immigration Judge (IJ) ordered his removal to Ghana on the ground that he falsely represented himself to be a United States citizen in his student-loan applications. See 8 U.S.C. § 1227(a)(3)(D)(i). The BIA dismissed his appeal on the merits. We denied his petition for review because substantial evidence supported the IJ's finding that Dwumaah had made the representations. See Dwumaah v. Att'y Gen., 609 F.3d 586, 589-90 (3d Cir. 2010) (per curiam).

Dwumaah has since repeatedly asked the BIA to reopen or reconsider its removal order. As relevant here, in November 2014, Dwumaah filed a motion to reopen, arguing that the BIA should reopen the case and remand it to the IJ so that he could apply for naturalization. The BIA denied that motion on February 27, 2015. The BIA concluded that the motion was untimely, number-barred, and did not implicate any of the exceptions to those limits. Moreover, the BIA concluded that, "[n]otwithstanding the respondent's proffer, he has not demonstrated eligibility for any relief from removal nor any basis upon which to disturb our prior decision." A.R. at 14.

Dwumaah then asked the BIA to reconsider its denial of reopening. He argued that the BIA had improperly failed to consider his argument that he was entitled to relief under this Court's decision in Guzman v. Attorney General, 770 F.3d 1077 (3d Cir.

2

2014). The BIA denied Dwumaah's motion to reopen on April 27, 2015, ruling that it did "not find any error in law or fact that would warrant further consideration of this decision." A.R. at 2. Dwumaah filed a petition for review to this Court on May 21, 2015.

Dwumaah's petition for review is timely as to the BIA's denial of his motion for reconsideration, but not the BIA's denial of his motion to reopen. See 8 U.S.C. § 1252(b)(1). Thus, we have jurisdiction under 8 U.S.C. § 1252 to review only the BIA's denial of the motion for reconsideration. See Stone v. INS, 514 U.S. 386, 405 (1995). Nevertheless, determining whether the BIA abused its discretion in denying reconsideration "requires some review of [its] underlying decision" denying Dwumaah's motion to reopen. Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012) (quoting Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004)). As discussed in more detail below, we lack jurisdiction to the extent that the BIA's ruling implicates its discretion to deny reopening sua sponte. See generally Calle–Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). To the extent that we have jurisdiction, we review the BIA's denial of reconsideration for only abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).

The BIA did not abuse its discretion here. Dwumaah's motion to reopen was plainly time- and number-barred. As a general rule, an alien may file only one motion to reopen and must do so within 90 days of the date of the final administrative decision. See

3

8 U.S.C. § 1229a(c)(7)(A), (C)(i).  The final order of removal in Dwumaah's case was entered, at the latest, in January 2014; thus, Dwumaah filed his November 2014 motion to reopen, which was at least his second such motion, outside the 90-day period.

Dwumaah argued in his motion to reopen and his motion for reconsideration that those procedural requirements should have been relaxed because this Court recognized a new rule of law in Guzman.  Even assuming that a new rule could have this effect, but see 8 C.F.R. § 1003.2(c)(3) (listing exceptions to the time and numerical limitations), we did not announce a new rule in Guzman.  Rather, we reaffirmed our prior decision in Zegrean v. Attorney General, 602 F.3d 273 (3d Cir. 2010), upholding the BIA's conclusion that an IJ could terminate removal proceedings under 8 C.F.R. § 1239.2(f) to allow an alien to seek naturalization only if the Department of Homeland Security (DHS) had first "attested to an alien's prima facie eligibility for naturalization, through an affirmative communication."  Guzman, 770 F.3d at 1089.  We also observed that the alien's request to have his removal proceedings terminated was further undermined by his failure to file an application for naturalization in his local USCIS field office.  See id. However, we did not suggest that filing such an application creates an entitlement to relief; instead, the attestation from DHS remains a necessary prerequisite.  See id. Accordingly, Guzman did not create a new rule, and the BIA did not err in deeming Dwumaah's motion to reopen time- and number-barred or in denying his motion for

4

reconsideration.[1]

Dwumaah argues that the BIA should have reopened the removal order sua sponte. As noted above, we generally lack jurisdiction to review the BIA's decision declining to exercise its discretion to reopen or reconsider the case. See Calle–Vujiles, 320 F.3d at 475. We have recognized two exceptions: we may consider whether the BIA's decision "is based on a false legal premise," Pllumi, 642 F.3d at 160, or whether the BIA has "restricted the exercise of its discretion by establishing a 'general policy' of reopening sua sponte" under specific circumstances, Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006). These considerations apply even though we are reviewing the BIA's refusal to reconsider its denial of reopening sua sponte rather than the denial of reopening itself. See Charuc v. Holder, 737 F.3d 113, 115 (1st Cir. 2013).

Neither exception applies here. The BIA did not rely on a false legal premise; it accurately summarized the standards for motions to reopen and reconsider, and correctly concluded that Dwumaah had not demonstrated any basis for relief from removal. Nor has Dwumaah established that the BIA maintains a "general policy" of reopening sua sponte in the circumstances present here. While the BIA has recognized that it will sometimes elect to reopen sua sponte when there has been a "fundamental change in the law," In re G-D-, 22 I. & N. Dec. 1132, 1135 (BIA 1999) (en banc), as noted above,

---

[1] We note that in an order dated January 22, 2014, the BIA refused to terminate the removal proceedings so that Dwumaah could pursue naturalization. In so ruling, the BIA specifically stated that Dwumaah had "identifie[d] no affirmative declaration from the

Guzman did not bring about such a change. Therefore, we lack jurisdiction to review the BIA's denial of the motion for reconsideration to the extent that it concerned the BIA's refusal to reopen sua sponte, and we will dismiss the petition for review insofar as it challenges this aspect of the BIA's decision.

Accordingly, we will dismiss Dwumaah's petition for review in part and deny it in part. Dwumaah's motion to expand the record is denied. See 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").[2]

---

DHS concerning his prima facie eligibility." A.R. at 289.

[2] We note that the documents that Dwumaah seeks to enter into the record do not amount to an "affirmative communication" from DHS that "attest[]" to his "prima facie eligibility for naturalization." Guzman, 770 F.3d at 1089