# United States Court of Appeals
## For the First Circuit

No. 06-2454

JOSE LORENZO MEJIA-ORELLANA,

Petitioner,

v.

ALBERTO GONZALES, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>Jose A. Espinosa</u> on brief for petitioner.
<u>Melissa S. Liebman</u>, Office of Immigration Litigation, United States Department of Justice, <u>Peter D. Keisler</u>, Assistant Attorney General, and <u>Emily Anne Radford</u>, Assistant Director, on brief for respondent.

September 6, 2007

**LYNCH**, **Circuit Judge**.    Petitioner Jose Lorenzo Mejia-Orellana, a native and citizen of Honduras, petitions for review of a final order of removal of the Board of Immigration Appeals (BIA), which adopted and affirmed the decision of an Immigration Judge (IJ).

The BIA affirmed the IJ's decision that Mejia-Orellana was ineligible for a cancellation of removal under 8 U.S.C. § 1229b(a) because he acquired his lawful permanent resident status by fraud or misrepresentation and, further, that he was ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h).  The BIA also determined that Mejia-Orellana was not denied due process.

We affirm the BIA and deny the petition for review.  In a matter of first impression, we uphold the BIA's interpretation of 8 U.S.C. § 1229b(a) that an alien who has acquired his "lawful permanent resident status" by fraud or misrepresentation has not been lawfully admitted and so is ineligible for a cancellation of removal.

I.

Mejia-Orellana entered the United States without inspection in 1983.  Two years later, he was arrested for criminal possession of marijuana over 20 grams in violation of Florida Statute § 893.13.  He married a U.S. citizen in 1987, and in 1991 he applied for lawful permanent residence, but failed to disclose

his 1985 arrest as he was required to do.  He was granted permanent resident status on May 19, 1991.

On April 13, 2002, Mejia-Orellana attempted to reenter the United States from the Canadian side of Niagara Falls.  When he failed to present his I-551 Alien Registration Card, he was denied reentry and paroled for deferred inspection in Boston.

During his inspection in Boston on July 24, 2002, Mejia-Orellana disclosed his 1985 Florida arrest for marijuana possession as well as a guilty plea for marijuana possession in New York in 1993.  The Immigration and Naturalization Service (INS) denied reentry and instituted removal proceedings charging Mejia-Orellana was an inadmissible arriving alien under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which classifies as inadmissible aliens who have been convicted of a crime relating to a controlled substance.  Originally, the INS used the New York guilty plea as the basis for inadmissibility.  In June 2003, however, the INS amended its charges and replaced the New York guilty plea with a September 2002 Florida conviction that stemmed from the 1985 Florida arrest.

In pleadings submitted on November 24, 2003, Mejia-Orellana conceded his removability and designated Honduras as his removal country.  In a hearing before the IJ on the same day, he admitted all of the INS's charges and asked for a cancellation of removal.  In response, the INS argued that Mejia-Orellana's permanent resident status was void ab initio because of his failure

to disclose his arrest on his application for adjustment of status in 1991.

At three subsequent hearings, the INS raised the argument that Mejia-Orellana's lawful permanent resident status was void ab initio. Meanwhile, on December 6, 2004, Mejia-Orellana submitted a memorandum in support of his application for a cancellation of removal under 8 U.S.C. § 1229b(a) in which he admitted the misrepresentation on his 1991 application and argued that it did not render him inadmissible.

The IJ's oral decision on April 25, 2005 rejected all of Mejia-Orellana's claims and ordered removal to Honduras pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). Following BIA precedent, the IJ found that Mejia-Orellana's application for a cancellation of removal under 8 U.S.C. § 1229b(a) was pretermitted because his lawful permanent residence was obtained fraudulently and was thus void ab initio. In addition, the IJ rejected Mejia-Orellana's application for a waiver of inadmissibility under 8 U.S.C. § 1182(h).

In a brief per curiam order, the BIA adopted and affirmed the IJ's decision. The Board held that fraud or misrepresentation renders an acquisition of lawful permanent resident status void ab initio, and thus Mejia-Orellana was not eligible for a cancellation of removal. The Board noted that Mejia-Orellana did not "meaningfully challenge on appeal" the IJ's denial of a waiver of

inadmissibility. In addition, the BIA found that Mejia-Orellana had ample opportunity to respond to the INS's charges of misrepresentation and therefore rejected his due process claim.

## II.

Mejia-Orellana makes several claims. First, he argues that the IJ erred in finding him ineligible for a cancellation of removal under 8 U.S.C. § 1229b(a). Second, he claims that his due process rights were violated by his not being given an effective opportunity to respond to the allegations that he lied on his application for lawful permanent residence. Third, he argues that the IJ erred in finding him ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h).

Because the BIA adopted and affirmed the IJ's ruling and discussed some of the bases for the IJ's opinion, we review both opinions. Ouk v. Gonzales, 464 F.3d 108, 110 (1st Cir. 2006). We review the factual findings for substantial evidence. Coelho v. Gonzales, 452 F.3d 104, 109-10 (1st Cir. 2006); Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005). To the extent there are issues of law, we decide those de novo. Coelho, 452 F.3d at 110.

A.         Cancellation of Removal Under 8 U.S.C. § 1229b(a)

In order to be eligible for a cancellation of removal under 8 U.S.C. § 1229b(a), an alien must, among other requirements, have been "lawfully admitted for permanent residence for not less

-5-

than 5 years." 8 U.S.C. § 1229b(a)(1). This case turns on whether the phrase "lawfully admitted for permanent residence" in 8 U.S.C. § 1229b(a) excludes admissions acquired by fraud or misrepresentation.

BIA precedent holds that aliens are ineligible for a cancellation of removal under 8 U.S.C. § 1229b(a) where they have acquired permanent resident status by fraud or misrepresentation, because they have not been lawfully admitted for permanent residence. In re Koloamatangi, 23 I. & N. Dec. 548 (B.I.A. 2003). Koloamatangi had acquired his status by fraud, and the BIA held that the "correct interpretation of the term 'lawfully admitted for permanent residence' is that an alien is deemed, ab initio, never to have obtained lawful permanent resident status once his original ineligibility therefor is determined in proceedings." Id. at 551.

We accord Chevron deference to the BIA's interpretation.[1] See INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) (recognizing that "the BIA should be accorded Chevron deference as it gives ambiguous statutory terms 'concrete meaning through a process of case-by-case adjudication'") (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 448 (1987)); Naeem v. Gonzales, 469 F.3d 33, 36 (1st Cir.

---

[1]    Mejia-Orellana attempts to take advantage of the rule that statutory interpretations by the IJ are not normally accorded Chevron deference, see, e.g., Lin v. United States Dep't of Justice, 416 F.3d 184, 189-91 (2d Cir. 2005). Here, we review the BIA's interpretation, so Chevron deference applies.

-6-

2006); see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842-43 (1984).

The BIA's interpretation is reasonable. Indeed, any other reading would encourage fraud and misrepresentation in the process of application for lawful permanent resident status. Other courts have upheld this interpretation of the same phrase in different sections of the Immigration and Nationality Act: "The natural reading of 'lawful' connotes more than just procedural regularity; it suggests that the substance of an action complied with the governing law." De La Rosa v. U.S. Dep't of Homeland Sec., 489 F.3d 551, 554 (2d Cir. 2007) (construing 8 U.S.C. § 1182(c), repealed in 1996, but still applicable in some cases, which granted the Attorney General discretion to waive removal for certain aliens "lawfully admitted for permanent residence"); see also Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1317 (11th Cir. 2006) (adopting the BIA's interpretation in Koloamatangi with respect to 8 U.S.C. § 1182(c)); Arellano-Garcia v. Gonzales, 429 F.3d 1183, 1187 (8th Cir. 2005) (same); Monet v. INS, 791 F.2d 752, 753-55 (9th Cir. 1986) (same); Matter of Longstaff, 716 F.2d 1439, 1441-42 (5th Cir. 1983) (interpreting 8 U.S.C. § 1429, which requires lawful admission for permanent residence as a prerequisite to naturalization).[2]

---

[2] Our holding is consistent with Onwuamaegbu v. Gonzales, 470 F.3d 405, 409 (1st Cir. 2006). In Onwuamaegbu, we held that an alien's misrepresentation on an application for change in status

Because Mejia-Orellana failed to disclose his arrest on his application for lawful permanent residence, he was never "lawfully admitted for permanent residence" and so he is ineligible for relief under 8 U.S.C. § 1229b(a).

B.        Due Process

Mejia-Orellana claims that his due process rights were violated because he had no notice and no reasonable opportunity to respond to the allegations that he lied on his application for lawful permanent residence.  Initially, we doubt that Mejia-Orellana has a cognizable property or liberty interest at stake, a prerequisite for a colorable due process claim.  Jupiter v. Ashcroft, 396 F.3d 487, 492 (1st Cir. 2005) (citing Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976)).  The statute provides for discretionary relief, which does not create a cognizable liberty interest.  See 8 U.S.C. § 1229b(a); Jupiter, 396 F.3d at 492.

In any event, the claim of denial of due process is utterly without merit.  Mejia-Orellana had three hearings in front of the IJ and submitted a memorandum in support of his application

---

did not entitle him to claim that he had not been previously admitted as a lawful resident and thereby escape the statute's seven-year residency requirement.  470 F.3d at 409.  We distinguished Koloamatangi and Savoury because the focus in 8 U.S.C. § 1182(h), unlike in 8 U.S.C. § 1229b(a), is on whether a person has been previously admitted, not on whether that admission was lawful.  Onwuamaegbu, 470 F.3d at 409.

for a cancellation of removal after the argument that his lawful permanent resident status was void ab initio first was raised.

C.        Waiver of Inadmissibility Under 8 U.S.C. § 1182(h)

We do not consider Mejia-Orellana's claim that the IJ erred in denying him a waiver of inadmissibility under 8 U.S.C. § 1182(h) because he failed to develop that claim sufficiently before the BIA. Rodrígues-Nascimento v. Gonzales, 485 F.3d 60, 62-63 (1st Cir. 2007); Olujoke v. Gonzales, 411 F.3d 16, 22-23 (1st Cir. 2005).

We deny the petition for review.