# United States Court of Appeals
## For the First Circuit

No. 17-2068

LAURA LEMUS; MANUEL M. LEMUS,

Petitioners,

v.

JEFFERSON B. SESSIONS, III,
ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Jeffrey B. Rubin, Todd C. Pomerleau, and Rubin Pomerleau P.C. on brief for petitioners.
Elizabeth K. Fitzgerald-Sambou, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Chad A. Readler, Acting Assistant Attorney General, Civil Division, and Margaret Kuehne Taylor, Senior Litigation Counsel, on brief for respondent.

August 14, 2018

**LYNCH**, **Circuit Judge**.  Laura and Manuel Lemus, both natives of Guatemala, were ordered removed by an immigration judge (IJ) in 2000.  The Board of Immigration Appeals (BIA) denied their appeal in 2001.  Since then, the Lemuses have filed seventeen motions with the BIA to reopen or reconsider that removal order.  Their latest motion, filed on August 29, 2017 with the BIA, claimed that there was new relief available to them and that "exceptional circumstances" should lead the BIA to reopen their removal proceedings sua sponte.  The BIA was unpersuaded, and said so in a reasoned decision.

The Lemuses now petition for judicial review of the BIA's denial of their motion.  We hold that the BIA did not abuse its discretion in denying the Lemuses' time- and number-barred motion to reopen.  The BIA also determined that sua sponte reopening was unwarranted.  We dismiss the Lemuses' challenge to that decision for lack of jurisdiction.

I.

The Lemuses -- Laura, Manuel, and their three children -- came to the United States from Guatemala in 1993.  Their nonimmigrant tourist visas authorized a six-month stay.  They overstayed.

In late 1997, Laura applied for asylum, listing each family member as a derivative applicant.  Laura stated in her application that she feared she and her family would be killed if

they returned to Guatemala. She said that she had been an active member of the Union Centro Nacional (UCN) party. The night of an election, armed men from the rival political party had come to Laura's home, guns drawn, searching for her and her brother. Laura and her brother escaped, but Laura's aunt (a fellow UCN member) was not so fortunate. Several years later, shortly after the Lemuses came to the United States, the UCN leader, Jorge Carpio Nicolle, was assassinated. Laura testified to this effect before an asylum officer. That officer determined that Laura's testimony was not credible. Among other issues, Laura could not describe the UCN's politics. The officer concluded that Laura had not shown that she qualified for asylum and so he referred Laura's application to the Immigration Court.

The Immigration and Naturalization Service, in June 1999, sent the Lemuses a Notice to Appear at removal proceedings. The agency charged each as subject to removal. At the hearing, in March 2000, the Lemuses conceded removability. Laura renewed her asylum request and requested statutory withholding of removal under 8 U.S.C. § 1231(b)(3). She repeated the political opinion claim from her asylum application. Like the asylum officer, the IJ found Laura's testimony not credible. He denied asylum and statutory withholding of removal, but granted the Lemuses voluntary departure.

The Lemuses appealed this decision to the BIA. They argued that the BIA should reverse the IJ for failing to find that Laura had a "well founded fear of persecution." The BIA summarily dismissed each appeal -- the Lemuses did not file briefs, and the short statements in their appeal forms "fail[ed] to apprise [the BIA] of the reasons" why it should reverse the IJ.

After the BIA entered its final removal order on October 30, 2001, the Lemuses filed seventeen motions to reopen or reconsider. Among other things, they raised claims of ineffective assistance of counsel and of changed country conditions in Guatemala. The BIA denied each motion. The Lemuses filed three petitions for our review. This Court denied each petition. See Lemus v. Gonzales, 489 F.3d 399 (1st Cir. 2007) (denying the petition); Lemus, et al. v. Gonzales, No. 05-1273 (1st Cir. July 12, 2005) (dismissing the petition); Lemus v. Ashcroft, No. 03-1825 (1st Cir. Mar. 31, 2004) (summarily affirming the BIA's decision).

In this latest motion, filed on August 29, 2017 with the BIA, Laura and Manuel once again argued for reopening. This time there was a new ground: their daughter, Mirna, had become a U.S. citizen and filed visa petitions on their behalf. The visa petitions were accepted, so the Lemuses would have been eligible to apply to adjust their status to lawful permanent residents but for the removal order. They further argued that the BIA should

reopen their cases sua sponte because of "exceptional circumstances."

The BIA denied the Lemuses' motion as untimely filed and numerically barred. The BIA noted that potential eligibility for adjustment of status is not an exception for the time and number bars on motions to reopen. And the BIA declined to reopen the Lemuses removal proceedings sua sponte because it did not consider their situation "exceptional." The BIA noted that the Department of Homeland Security had not joined the Lemuses' motion, but that if it later did, the Lemuses could refile.

## II.

The Lemuses' petition for review argues that the BIA erred by denying their motion to reopen. Where we have jurisdiction, we review the BIA's denial of a motion to reopen for abuse of discretion. Sánchez-Romero v. Sessions, 865 F.3d 43, 45 (1st Cir. 2017).

"[E]very alien ordered removed has a right to file one motion" with the IJ or BIA to "reopen his or her removal proceedings." Dada v. Mukasey, 554 U.S. 1, 4-5 (2008); see 8 U.S.C. § 1229a(c)(7)(A). That "motion to reopen shall be filed within 90 days" of the final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). Here, the Lemuses brought their seventeenth unsuccessful motion for reopening or reconsideration nearly sixteen years after the initial removal order. Their filings gave

no reason why the BIA should consider their submission timely, except to say they earlier had not been eligible to apply for adjustment of status.[1]  But eligibility to apply for adjustment of status is not an exception to the number and time bars on motions to reopen.  See id. §§ 1229a(c)(7)(A), (c)(7)(C) (listing exceptions to the bars); 8 C.F.R. § 1003.2(c)(3) (same).  Consequently, the BIA correctly held the Lemuses had failed to justify the delay and dismissed their motion as untimely.

## III.

The Lemuses also challenge the BIA's decision not to reopen sua sponte.  The BIA's regulations provide that the BIA may reopen removal proceedings sua sponte ("on its own motion") at any time.  8 C.F.R. § 1003.2(a).  This circuit has long held that "sua sponte authority is committed to the unbridled discretion of the BIA, and the courts lack jurisdiction to review that judgment." Charuc v. Holder, 737 F.3d 113, 115 (1st Cir. 2013) (quoting Matos-Santana v. Holder, 660 F.3d 91, 94 (1st Cir. 2011)).  The Lemuses point to two bases for jurisdiction: the Supreme Court's decision

---

[1]     The government says that this issue was unexhausted and waived because the Lemuses failed to point to any exceptions to the time and number bars on their motion before the BIA or on appeal.  But this means only that they cannot now argue that they fit into an exception to the time and number bars.  This is not their argument.  The Lemuses claim that the BIA should reopen because of new grounds for relief.  They raised this point before the BIA and on appeal.  Their failure to point to any exceptions to the time and number bars on their motion means that their argument is meritless, not waived.

in Reyes Mata v. Lynch, 135 S. Ct. 2150 (2015), and 8 U.S.C. § 1252(a)(2)(D).

Mata gives no jurisdiction to review this denial of sua sponte reopening by the BIA. In Mata, the Supreme Court declined to address whether appeals courts have authority to review exercises of that discretionary power. See Mata, 135 S. Ct. at 2155. In fact, the Court acknowledged that courts of appeals have held that they generally lack such authority. Id.

This court has not determined whether 8 U.S.C. § 1252(a)(2)(D) gives courts of appeals jurisdiction to review, under certain circumstances, the BIA's decision not to reopen sua sponte. See Reyes v. Sessions, 886 F.3d 184, 188 (1st Cir. 2018). We declined to decide that issue in Reyes and we decline to do so here. See id. Section 1252(a)(2)(D) "only arguably applies to a petitioner's constitutional or legal challenges if they are colorable," id. (citing Ayeni v. Holder, 617 F.3d 67, 71 (1st Cir. 2010)), and the Lemuses' are not.

The Lemuses argue that the BIA's decision not to reopen sua sponte denied them due process and that the BIA's explanation of its refusal to exercise sua sponte authority was so paltry that it likewise denied them due process. That is not so. A due process claim can only succeed if there is a "cognizable liberty interest," Matias, 871 F.3d at 72 (quoting Mejia-Orellana v. Gonzales, 502 F.3d 13, 17 (1st Cir. 2007)). But the BIA's exercise

- 7 -

of its "purely discretionary" sua sponte authority "does not create a cognizable liberty interest." Id. This deficiency is fatal to their claims.

The Lemuses have one final argument: that the BIA violated an existing policy regarding reopening, making its decision not to reopen "arbitrary, capricious, [or] an abuse of discretion." See 5 U.S.C. § 706(2)(A); INS v. Yang, 519 U.S. 26, 32 (1996). They cite Matter of Garcia, 16 I. & N. Dec. 653 (BIA 1978), where the BIA determined that it would favorably exercise its discretion when the movant was prima facie eligible for adjustment of status. But this argument is unavailing. First, Garcia was decided years before Congress enacted time and number bars on motions to reopen. See Dada, 554 U.S. at 13 (summarizing the relevant congressional history). Second, the BIA has on several occasions significantly modified Garcia. See, e.g., Matter of Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002), overruled in part on other grounds by Matter of Avetisyan, 25 I. & N. Dec. 688 (BIA 2002); Matter of H-A-, 22 I.& N. Dec. 728, 730-36 (BIA 1999); Matter of Arthur, 20 I. & N. Dec. 475, 477-79 (BIA 1992). We have thus noted having "some doubts" about Garcia's continuing vitality. Dawoud v. Holder, 561 F.3d 31, 35 n.5 (1st Cir. 2009). And third, even if Garcia remains, it gives the Lemuses no colorable claim. Garcia did not establish "an inflexible rule" under which an immigration judge must favorably

exercise his discretion; rather, it conferred "broad discretion." Oluyemi v. INS, 902 F.2d 1032, 1034 (1st Cir. 1990) (quoting Garcia, 16 I. & N. at 656). We have already concluded that the BIA did not abuse its discretion in denying the Lemuses' time- and number-barred motion. The Lemuses have no colorable constitutional or legal claim on which we might base our jurisdiction if the statute were to provide an arguable basis.

## IV.

The Lemuses' petition for review is denied as to their challenge to the BIA's determination that the motion to reopen was untimely and number barred. It is dismissed for lack of jurisdiction as to their challenge to the BIA's decision to not exercise its authority to reopen sua sponte.