[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10001

Non-Argument Calendar

_____

IBRAHIM OMOTAYO RAJI,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A214-947-556

_____

Before TJOFLAT, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Ibrahim Raji petitions for review of the order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its affirmance of the Immigration Judge's ("IJ") denial of his motion to continue his removal proceedings. Raji argues that the BIA should have reconsidered its decision because he was entitled to a continuance of his proceedings pending the adjudication of his wife's second application for visa status on Raji's behalf, and the IJ had previously allowed Raji to continue his proceedings while his wife's first application for visa status was pending. We reject Raji's arguments and accordingly deny his petition for review.

I.

Raji—a native and citizen of Nigeria— entered the United States on December 26, 2016, pursuant to a work visa. Based on the terms of the visa, Raji was authorized to stay in the United States until June 25, 2017. On September 20, 2018—over a year after Raji's visa expired—the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Raji with overstaying his visa without authorization.[1] Raji admitted the allegations in the NTA and conceded the charges, but he requested

---

[1] The DHS explained that Raji was deportable because he violated Section 237(a)(1)(B) of the Immigration and Nationality Act by remaining in the United States longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B).

that his status be adjusted due to the pending I-130 petition that his wife, Chebreka Smith, filed on his behalf on July 16, 2018.[2]  Based on Smith's pending I-130 petition, Raji had filed an I-485 Application to Register Permanent Residence[3] on July 27, 2018.  The I-485 application was pending at the time the NTA was issued.[4]  At his

---

[2] A U.S. citizen or lawful permanent resident can file an I-130 petition with United States Citizenship and Immigration Services ("USCIS") to request permanent resident status for an alien relative or spouse.  *See* 8 U.S.C. § 1154(a)(1)(A)(i) ("[A]ny citizen of the United States claiming that an alien is entitled to . . . an immediate relative status . . . may file a petition with the Attorney General for such classification."); 8 C.F.R. § 204.2(a)(1) ("A United States citizen or alien admitted for lawful permanent residence may file a [visa] petition on behalf of a spouse.").

[3] An alien seeking permanent resident status may file an I-485 petition while the I-130 petition of which he is the beneficiary is pending, so long as he is the immediate relative of a United States citizen.  U.S. Citizenship & Immigr. Servs., *Instructions for Application to Register Permanent Residence or Adjust Status* 21 (2022); *see* 8 U.S.C. § 1255(a) (stating that the Attorney General can adjust the status of an alien to that of a lawful permanent resident "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."). Immediate relatives of citizens include their spouses, unmarried children under 21, and parents 21 or older.  8 U.S.C. § 1151(b)(2)(A)(i).

[4] Raji's I-485 petition was administratively closed by USCIS on January 14, 2020.  The USCIS can administratively close an I-485 petition if the petitioner fails to timely respond to a request for evidence or a notice of intent to deny, or if the petitioner fails to appear for his naturalization exam and does not

first hearing before the IJ on October 16, 2018, Raji asked for a continuance as Smith's first I-130 was being processed, which the IJ granted.

The IJ granted Raji 15 continuances between February 28, 2019, and September 29, 2020—each one pending adjudication of Smith's I-130 application. United States Citizenship and Immigration Services ("USCIS") denied Smith's I-130 petition on September 30, 2020. During his hearing on October 30, 2020, Raji informed the IJ that Smith's I-130 application had been denied but that he had filed an appeal of the denial on October 8.[5] The IJ declined to continue the proceedings pending Raji's I-130 appeal, but she agreed to continue the case until November 20 while Raji explored alternative forms of relief. At his November 20 hearing, Raji informed the IJ that Smith had filed a second I-130 application. Raji again moved for a continuance based on his appeal of the first I-130 denial and Smith's second I-130 petition. The IJ refused to continue the case based on Raji's I-130 appeal and Smith's new I-130 petition, but she continued Raji's case "one last time" so Raji's new attorney would have a chance to pursue alternative avenues of relief.

---

notify the USCIS in writing within 30 days of the examination date. 8 C.F.R. § 103.2(b)(13)(ii); *id.* § 335.6(a).

[5] Because Raji rather than Smith appealed the denial of Smith's first I-130, the BIA dismissed Raji's appeal on December 9, 2021. Smith, not Raji, was the one who was authorized to file a I-130 petition and appeal USCIS's denial of the petition.

At Raji's hearing on December 18, 2020, the IJ denied Raji's motion for continuance and issued an order of removal. The IJ stated that there was not good cause to grant Raji's motion for continuance because: (1) his proceedings had been going on for two years; (2) the DHS opposed the continuance and had denied the previous I-130 application; and (3) Raji had received the benefit of 15 previous continuances. The IJ also detailed the issues in Smith's first I-130 petition, noting that Smith failed to "show by a preponderance of the evidence that [her marriage to Raji] was legally valid and bona fide at its inception." Administrative Record at 80. Based on her review of Smith's first I-130 petition, the IJ concluded that Raji had not shown that Smith's second I-130 petition was prima facie approvable.

Raji subsequently appealed the IJ's decision before the BIA, arguing that the IJ had abused her discretion in finding him removable and denying his motion for a continuance. Raji asserted that, under *Matter of Garcia*, an IJ should, "as a general rule," grant motions for continuance "where a prima facie approvable visa petition and adjustment application have been submitted." 16 I. & N. Dec. 653, 656 (BIA 1978). He also explained that, under *Matter of L-A-B-R-*, when considering whether to grant a motion for a continuance, an IJ should focus on the likelihood that the alien will receive collateral relief and whether that relief will materially affect the outcome of the removal proceedings. 27 I. & N. Dec. 405 (U.S. Att'y Gen. 2018). Applying *L-A-B-R-* to his own case, Raji argued that Smith's second I-130 application was likely to be approved

because he had been married to an American citizen for more than three years, and the first I-130 application had been rejected because Smith's attorney failed to file a Notice of Intent to Deny. Raji also argued that the outcome of his removal proceedings would necessarily be affected if Smith's second I-130 petition was granted.

On May 12, 2021, the BIA dismissed Raji's appeal and adopted the IJ's decision. The BIA explained that *Garcia* had been significantly modified by the BIA,[6] and *L-A-B-R-* sets out the appropriate standard for when a petitioner has established good cause for a continuance. The BIA concluded that the IJ was within her discretion to deny Raji's request for a continuance because he did not show that Smith's I-130 petition would be approved within a reasonable amount of time.[7]

Raji moved for the BIA to reconsider the dismissal, but the BIA denied Raji's motion to reconsider on December 7, 2021. Raji

---

[6] *See Lemus v. Sessions*, 900 F.3d 15, 19 (1st Cir. 2018) ("[T]he BIA has on several occasions modified *Garcia*.").

[7] The BIA also noted that Raji did not adequately allege ineffective assistance of counsel with regard to Smith's first visa application; "he ha[d] not acknowledged, much less fulfilled, the procedural and substantive steps for such a claim. *See generally Matter of Lozada,* 19 I. & N. Dec. 637, 638–40 (BIA 1988), pet. *for rev. denied, Lozada* v, *INS,* 857 F.2d 10 (1st Cir. 1988). *See also Mailer of Melgar,* 28 I. & N. Dec. 169, 170–72 (BIA 2020)."

timely petitioned for review of the denial of the motion to reconsider on January 3, 2022.[8]

## II.

We review a denial of a motion for reconsideration by the BIA for abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). "The BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

The BIA's denial of Raji's Motion to Reconsider reiterated the merits of its May 12 decision affirming the IJ's continuance denial. To determine whether the BIA abused its discretion in denying Raji's Motion to Reconsider, we must therefore consider whether the BIA properly applied the law in its May 12 decision affirming the IJ's denial of Raji's motion for a continuance. When the BIA issues an order expressly affirming and adopting the IJ's decision, we also review the merits of the IJ's order when

---

[8] A motion to reconsider does not toll the time to petition for review of the underlying order. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam). Therefore, when a petitioner files a timely petition to review the BIA's denial of a motion to reconsider but does not petition to review the underlying order, this Court reviews only the arguments as they relate to the motion. *Id.*

reviewing the BIA's order. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001), *overruled on other grounds by Patel v. U.S. Atty. Gen.*, 971 F.3d 1258 (11th Cir. 2020). In this case, the BIA affirmed and adopted the IJ's continuance denial in its May 12 order, so to the extent that we are reviewing the BIA's May 12 order we are also reviewing the IJ's denial of Raji's motion for a continuance.

An IJ may grant a motion for a continuance of removal proceedings only "for good cause shown." 8 C.F.R. § 1003.29. "As a general rule," an IJ should grant a motion for a continuance "where a prima facie approvable visa petition and adjustment application have been submitted." *Matter of Garcia*, 16 I. & N. Dec. at 657. *Garcia*'s rule is not, however, meant to be an "inflexible rule requiring immigration judges in all cases" to grant continuances. *Id.* It "clearly would not be an abuse of discretion" to deny a continuance because, for example, the pending visa application is frivolous, or the adjustment application is likely to be denied on either statutory or discretionary grounds. *Id.*

*L-A-B-R-* sets out a number of factors that an IJ must consider when deciding whether to grant an alien's motion for a continuance to pursue collateral relief, but it highlights two factors as particularly important. One of these factors is the likelihood that the collateral relief will be granted. *Matter of L-A-B-R-*, 27 I. & N. Dec. at 412. The Attorney General has emphasized that "the overuse of continuances in the immigration courts is a significant and recurring    problem"    and    that    overuse    of    continuances

"undermine[s] the detailed statutory and regulatory scheme established under the [Immigration and Nationality Act]." *Id.* at 411. Respondents seeking a continuance to pursue collateral relief must therefore show that the likelihood of obtaining relief is more than "merely speculative." *Id.* at 414.

The other important factor that an IJ must consider under *L-A-B-R-* is whether collateral relief would materially affect the outcome of a respondent's removal proceedings. *L-A-B-R-*, 27 I. & N. Dec. at 419. A respondent cannot make such a showing when the "visa priority date is too remote to raise the prospect of adjustment of status above the speculative level," even if the visa application itself has been approved. *Id.* at 418. Moreover, a respondent typically cannot prevail in showing that his approved visa application will materially affect the outcome of removal proceedings without documentary proof that adjustment of status is likely. *Id.*

Although an IJ must consider a respondent's likelihood of success and the effect collateral relief would have on the respondent's proceedings when ruling on a motion for a continuance, *L-A-B-R-* does not permit IJs to limit their analysis to those two factors. Under *L-A-B-R-*, IJs must also consider factors such as the timing of the continuance motion, the DHS's position on the motion, interests in administrative efficiency, and the number of previously granted continuances and hearings. *See id* at 413, 415.

Here, the BIA did not abuse its discretion because in both the December 7 order and the May 12 order, the BIA properly considered the relevant *L-A-B-R-* factors. In the May 12 order, the BIA

concluded that Raji failed to show that Smith's second I-130 application was prima facie approvable—and that he had thus failed to demonstrate a high likelihood of success.  The BIA based its conclusion on the IJ's holding that Smith's second I-130 petition did not constitute good cause for a continuance because the USCIS denied Smith's previous I-130 petition because she failed to show by a preponderance of the evidence that her marriage to Raji was legitimate.  In the December 7 order, the BIA noted that Raji had not presented any evidence on the statuses of his appeal of Smith's first I-130 petition or Smith's second I-130 petition since the IJ's original decision denying the continuance.

The BIA also concluded that Raji failed to prove that the second I-130 application would materially affect his removal proceedings.  Raji explained why Smith's first I-130 application was denied and described his efforts to rectify the alleged errors of Smith's counsel—both by appealing the denial of Smith's first I-130 petition and by having Smith filing a second I-130 application.[9]  He did not, however, provide documentary evidence to support his assertion that the appeal or the second I-130 application would be successful.  Raji also had not provided any documentary evidence for the BIA to look at in ruling on Raji's Motion to Reconsider; in the December 7 order, the BIA stated that Raji had not presented any evidence

---

[9] It is worth noting that although Raji mentioned his appeal of Smith's first I-130 petition in his brief appealing the IJ's original decision, he did not mention the appeal in his Motion to Reconsider.

on the status of either Smith's first or second I-130 petition since the IJ's initial decision. Absent such evidence, the prospect that Raji's visa would be approved was "remote" and "speculative," so Raji failed to demonstrate that his visa application would materially affect the removal proceedings. *See L-A-B-R-*, 27 I. & N. Dec. at 418.

The BIA also considered other *L-A-B-R-* factors in its orders. In its May 12 order, the BIA provided the following reasons for adopting the IJ's decision to deny Raji's motion for a continuance: (1) Raji's proceedings had been going on for two years; (2) DHS opposed the continuance; (3) the USCIS had denied Smith's previous I-130 application; and (4) Raji had already received 15 prior continuances from the IJ. The BIA subsequently denied Raji's Motion to Reconsider because it had "considered the appropriate factors and law with regard to continuances" in its May 12 order. Under *L-A-B-R-*, the factors the BIA considered were all permissible reasons for denying Raji's motion for a continuance. *L-A-B-R-* provides that the DHS's position on respondent's motion for a continuance and the number of previously granted continuances are important factors to consider. 27 I. & N. Dec. at 413. Furthermore, the length of Raji's proceedings speaks to concerns about administrative efficiency. *See id.*

### III.

Raji's claim that the BIA did not consider the requisite factors in denying his motion for continuance lacks merit. Contrary to Raji's assertion that his motion was denied solely because

Smith's I-130 petition was still pending, the IJ denied his motion for several reasons, all of which were adopted by the BIA. Raji contends that the IJ and BIA impermissibly ignored *L-A-B-R-*, but his contention does not hold weight because all the reasons the BIA provided for its denial track the *L-A-B-R-* factors. *See L-A-B-R-*, 27 I. &. N. Dec. at 405, 416.

Raji further claims that having a pending prima facie approvable spousal I-130 petition renders an individual eligible for a continuance, even if he has not shown that the petition will be approved in a reasonable amount of time. This claim also lacks merit. Under *L-A-B-R-*, IJs can consider the timeline of relief in determining whether to grant a continuance. *Id.* at 418. An individual is not entitled to a continuance, for example, if the date when he will receive his visa is "too remote to raise the prospect of adjustment of status above the speculative level." *Id.* Here, Raji did not provide the BIA with any documentary evidence to support his assertion that Smith's second I-130 petition ha[d] a more than speculative chance of being granted.

Raji correctly notes that according to this Court's decision in *Bull v. INS*, "discretion should . . . be favorably exercised where a prima facie approvable visa application and adjustment application have been submitted in the course of a deportation hearing." 790 F.2d 869, 872 (11th Cir. 1986) (internal quotation marks omitted). In this case, however, the BIA adopted the IJ's finding that Raji did not show that Smith's I-130 petition was prima facie approvable. As both the IJ and the BIA pointed out, the USCIS's denial of

Smith's first I-130 petition weighed against finding that Smith's second I-130 petition was prima facie approvable—and Raji had not provided any documentary evidence to the contrary.  Even if IJs *generally* should grant continuances to individuals when their spouses' I-130 petitions are pending, they are not *required* to do so when other factors described in *L-A-B-R-* weigh against granting a continuance.  That is the case here.

Raji's assertion that the BIA erred by ignoring his arguments under *Garcia* fails for the same reasons.  Before both the BIA and this Court, Raji relied solely on *Garcia*'s general statement that motions for a continuance should, "as a general rule," be granted where a prima facie visa petition has been submitted.  *Garcia* does not, however, require an IJ to grant a continuance where other factors weigh against doing so—for example, if the I-130 visa petition is frivolous or the adjustment of status application is likely to be denied.  *See Garcia*, 16 I. & N. Dec. at 657 (holding that there is no "inflexible rule" requiring continuances whenever there is a pending visa application).  Raji is not entitled to relief under *Garcia* because he did not show that Smith's I-130 petition was prima facie approvable.

## IV.

The BIA's denial of the motion for reconsideration was neither arbitrary nor capricious, given that Raji's removal proceedings had lasted two years, DHS opposed the continuance, Smith's prior I-130 petition had been denied, he had already received 15 continuances, and he had not shown that Smith's second I-130 petition

14                          Opinion of the Court                          22-10001

was prima facie approvable.  Therefore, his petition for review is denied.

**PETITION DENIED.**